# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW T. FISHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 24-1257-GBW |
| JUDGE JOELLE P. HITCH, *et al.*, | ) ) ) |
| Defendants. | ) ) |

Matthew T. Fisher, Reading, Pennsylvania – *Pro se* Plaintiff

Rebecca Bolinger, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Judge Joelle P. Hitch, Family Court of the State of Delaware, Governor John Carney, and Commissioner James Maxell

Georgia Catherine Pham, MARKS O'NEILL, Wilmington, Delaware – Counsel for Dr. Rachel Brandenburg

**MEMORANDUM OPINION**

May 20, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.   INTRODUCTION

On November 15, 2024, Plaintiff Matthew T. Fisher initiated this action *pro se* with the filing of a Complaint. (D.I. 1.) Now pending before the Court are motions to dismiss filed by Defendant Dr. Rachel Brandenburg (D.I. 15) and Delaware State Defendants Judge Joelle P. Hitch, Family Court of the State of Delaware, Governor John Carney, and Commissioner James Maxell (D.I. 24). The Court grants Defendants' motions to dismiss for the reasons explained below.

## II.   BACKGROUND

The Complaint asserts violations of Plaintiff's Due Process rights, First Amendment right of association, and potentially other civil rights, pursuant to 42 U.S.C. § 1983, arising from Delaware Family Court proceedings from 2020 through 2024, resulting in Plaintiff's loss of child custody and visitation restrictions, for which Plaintiff seeks between $25,000 and $5 million in money damages, as well as restitution for five years of lost contact with his daughter. (*See* D.I. 1; D.I. 1-1.)

## III.   LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

1

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct

2

alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Holding the *pro se* Complaint to a less stringent standard than formal pleadings drafted by lawyers and viewing it in the light most favorable to Plaintiff, all of Plaintiff's claims are barred. First, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review certain state court adjudications. *See Turner v. Secretary of U.S. Dep't Housing and Urban Dev.,* 449 F.3d 536, 537 (3d Cir. 2006). Specifically, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

Here, Plaintiff alleges injury based upon actions taken by the Delaware Family Court and its Commissioner, the judge who presided over the case involving Plaintiff and his daughter, a therapist involved in the case, and the Governor of Delaware, who had no involvement but is alleged to have "preside[d] over State Law" that allowed the proceeding to play out as it did. (D.I. 1 at 10.) Although not framed as such, in essence, Plaintiff seeks review and rejection of the Delaware

3

State Court judgments and decisions rendered against him in Family Court. *See, e.g., Buchanan v. Gay*, 491 F. Supp. 2d 483, 492–93 (D. Del. 2007). As such, Plaintiff's claims fall under the purview of the *Rooker-Feldman* doctrine and are barred. *See id.* Plaintiff cannot invoke federal jurisdiction merely by couching his claims in terms of a civil rights action. *See Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

Second, the Eleventh Amendment renders states "immune from suits brought in federal courts by [their] own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant," *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)), Delaware has not consented to waive its sovereign immunity, *see Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam), and Delaware's immunity extends to its public offices and public officials acting in their official capacity, *see, e.g., Buchanan*, 491 F. Supp. 2d at 493 (dismissing claims against Delaware Family Court and judge based on sovereign immunity). In this case, Delaware's sovereign immunity extends to the Governor of Delaware, the Delaware Family Court, and its judge and Commissioner, and all claims against them warrant dismissal on this additional basis. *See id.*

4

Third, a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). The Complaint contains no well-pled allegations that the Family Court judge and Commissioner acted outside the scope of their jurisdiction or judicial capacity in this case; at most, it appears that Plaintiff disagrees with the judge's rulings. As such, judicial immunity bars Plaintiff's claims against these Defendants as well. *See, e.g., Buchanan*, 491 F. Supp. 2d 494 (same). Moreover, judicial immunity appears to extend to the therapist involved in Plaintiff's daughter's case; according to the Complaint, the therapist served as an arm of the Family Court, as "a non-judicial person who fulfills a quasi-judicial role at the court's request." *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001). To the extent that she was not, as a private actor, she is not a viable defendant for a § 1983 action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 37 (1982).

Last, a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Since the Governor of Delaware had no alleged involvement in the Family Court case at issue, all claims against him warrant dismissal on this basis, in addition to sovereign immunity. For all of the above reasons, Plaintiff's claims are barred, and the Complaint warrants

dismissal. The Court renders this determination without reaching the remaining issues raised in briefing regarding service of process and the statute of limitations. (See D.I. 15, 24.)

## V.  CONCLUSION

For the reasons discussed, the Court will grant Defendants' motions to dismiss (D.I. 15, 24) and dismiss the Complaint (D.I. 1). Amendment is futile.

An appropriate Order will be entered.